UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RYAN DOUGLAS WHITSON,

                Petitioner,            Case No. 4:18-cv-11607
                                                    Hon. Matthew F. Leitman

v.

NOAH NAGGY,

                Respondent.
_____/

**ORDER (1) GRANTING PETITIONER'S MOTION TO HOLD HABEAS PETITION IN ABEYANCE (ECF #3), (2) GRANTING PETITIONER'S MOTION FOR WAIVER OF FEES (ECF #4), AND (3) ADMINISTRATIVELY CLOSING CASE**

Ryan Douglas Whitson is a state prisoner in the custody of the Michigan Department of Corrections. On May 22, 2018, Whitson filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court. (*See* ECF #1.) Whitson challenges his state-court convictions of first and third-degree criminal sexual conduct. (*See id*.) Whitson also filed a motion to waive the fees and costs associated with his petition. (*See* ECF #4.)

In the petition, Whitson asserts two claims that he previously raised on direct appeal in the state courts: (1) the state trial court failed to grant a mistrial after the prosecutor informed the jury that Whitson engaged in sexual relations with another

1

under-aged girl but then failed to produce that individual as a witness at trial, and (2) the state trial court erroneously excluded evidence of the victim's prior sexual conduct to show source of injury under the rape-shield statute. Both the Michigan Court of Appeals and the Michigan Supreme Court denied relief on these claims. *See People v. Whitson*, 2017 WL 1367108 (Apr. 13, 2017); *People v. Whitson*, 901 N.W.2d 607 (Mich. Oct. 3, 2017).

Whitson also seeks to assert additional constitutional claims related to the effective assistance of trial and appellate counsel that he did not raise on direct review. He therefore requests that the Court stay consideration of his petition while he returns to state court and pursues post-conviction review with respect to these new claims. (*See* ECF #3.)

A state prisoner who seeks federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. *See* 28 U.S.C. § 2254(b) and (c). *See also Picard v. Connor*, 404 U.S. 270, 275-78 (1971). To avoid problems with the one year statute of limitations included in 28 U.S.C. § 2244(d)(1), a federal court may opt to stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings. *See Rhines v. Weber,* 544 U.S. 269, 278 (2005). The Court concludes that such a stay is warranted here.

Accordingly, Whitson's motion to hold his petition in abeyance (ECF #3) is **GRANTED**, and the Court will hold Whitson's petition in abeyance while he exhausts his new claims in state court. This stay is conditioned upon Whitson presenting his unexhausted claims to the state courts by filing a motion for relief from judgment in the Wayne Circuit Court by no later than **August 31, 2018**. *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002) (discussing procedure). If that court denies Whitson's motion, he must file timely appeals in the Michigan Court of Appeals and the Michigan Supreme Court. *See id.* The stay is further conditioned on Whitson's return to this Court, with a motion to re-open and amend his petition, using the same caption and case number included at the top of this Order, within **60 days** of fully exhausting his state court remedies. If Whitson fails to comply with any of the conditions described in this paragraph, the Court may dismiss his petition and/or rule only on his currently-exhausted claims. *See Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

**IT IS FURTHER ORDERED** that Whitson's motion to wave fees and costs (ECF #4) is **GRANTED** inasmuch as the Court has already granted his application for leave to proceed without prepayment of fees or costs. (*See* ECF #6.)

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this Order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock*, 207 F. Supp. 2d 668, 677 (E.D. Mich. 2002).

**IT IS FURTHER ORDERED** that upon receipt of a motion to re-open the habeas petition following Whitson's exhaustion of his state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: May 29, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 29, 2018, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764